IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| LEWIS PERRY, ) | |
| Plaintiff ) | |
| v. ) | No. 4:04-cv-72 |
| BENICORP INSURANCE COMPANY, ) | |
| Defendant ) | |

### MEMORANDUM OPINION

This is an ERISA action removed to this court from the Chancery Court of Franklin County. Currently pending is defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to exhaust his administrative remedies [Court File #11]. Because plaintiff has failed to exhaust his administrative remedies and does not allege facts sufficient to establish that resorting to those remedies would be futile, the motion will be granted and this action dismissed.

# I.

## *Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff.

Plaintiff Lewis Perry is an employee of Wriker Chevrolet, Pontiac, Oldsmobile, GMC, Inc. (Wriker). Wriker sponsored an Employee Welfare Benefit Plan (the Plan) for its employees. The Plan provided group health insurance benefits to eligible employees through group health insurance coverage which Wriker purchased from Benicorp Insurance Company (Benicorp). Perry was initially eligible for health insurance coverage under the Plan.

Perry incurred hospital and medical expenses for which he submitted claims to Benicorp. Benicorp subsequently denied Perry's claims and rescinded his health insurance coverage due to alleged material misrepresentations which he made on his application for insurance. On April 10, 2003, Benicorp notified Perry in writing that it had denied his claims and rescinded his health insurance coverage.

Benicorp's April 10, 2003 letter also informed Perry of his right to administratively appeal Benicorp's decision through the Policy's Claim Review

Procedure. The letter specifically notified Perry that "[t]he Employee Retirement Income Security Act of 1974 (ERISA) requires that any claimant, whose claim for benefits is denied or partially denied, be entitled to a full and fair review. You have one hundred eighty (180) days after the denial date to request a review. Your request must be in writing." The letter then explained to Perry his right to obtain copies at no charge of all "relevant documents on which the denial was based." It also stated that Benicorp would provide Perry with a written decision on its review "within sixty (60) days after receipt of a request for review. This notification will specify any policy provisions on which the decision is based, and tell you the results of the review." Benicorp closed the letter by expressly stating: "We are willing to consider any additional information that you would be willing to provide."

Benicorp's explanation of the Claim Review Procedure in the April 10, 2003 letter is consistent with the Policy, which provides:

> If You disagree with a decision regarding a denial of a claim, in whole or in part, You have 180 days from the time You receive the Explanation of Benefits from [Benicorp] to file a request for review with [Benicorp]. The request for review must be in writing and sent to [Benicorp]. You, or your authorized representative, will have the right to receive copies of all relevant documents. These copies will be provided to you upon request and at no charge to you. You will have the opportunity to submit written comments, documents, records, and other information. Only documents submitted and arguments presented during the

3

claim review process will be presented, used or considered during any other judicial or administrative proceeding.

In spite of the April 10, 2003 letter, Perry failed to exhaust his administrative remedies by submitting a request for review to Benicorp under the Claim Review Procedure. Perry does not allege that Benicorp failed to notify him of his administrative remedies or misrepresented the nature of the remedies. Rather, plaintiff now claims that such an appeal would have been futile because he "is certain that his claim would [have been] denied upon appeal to Benicorp, as they retroactively cancelled his policy such that it does not exist and he currently has no rights under the policy."

II.

***Applicable Legal Standard***

In deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

4

The complaint must in essence set forth enough information to outline the elements of the claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products Co. v. General Electric Co.*, 386 F.Supp. 255 (E.D. Mich. 1974). The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.

***Exhaustion of Administrative Remedies***

Pursuant to ERISA, the Plan is required to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). The Sixth Circuit Court of Appeals has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit." *Coomer v. Bethesda Hospital, Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). This exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan

5

provisions; and assemble a factual record which will assist the court in reviewing the fiduciary's actions." *Coomer*, 370 F.3d at 504. Accordingly, "a claimant's failure to comply with a reasonable time constraint imposed by a plan for administrative review of denial of a claim precludes judicial review of the claim." *Moffit v. Whittle Communications, LP*, 895 F.Supp. 961, 969 (E.D. Tenn. 1995).

The Sixth Circuit has held that a court may only excuse an ERISA-plan participant's failure to exhaust his administrative remedy "where resorting to the plan's administrative remedies would simply be futile or the remedy inadequate." *Coomer*, 370 F.3d at 505. To meet this standard, a plaintiff must show that "it is certain that his claim [would have been] denied on appeal, not merely that he doubts that an appeal [would have] result[ed] in a different decision." *Id.*

In the instant case, Perry does not claim that Benicorp did not have an appropriate administrative review procedure or that Benicorp failed to inform him of his rights under that procedure. Rather, Perry claims in a conclusory manner that a request for review would have been futile because Benicorp "retroactively cancelled his policy such that it does not exist and he ... has no rights under the policy." This claim is simply contrary to the letter mailed by Benicorp to Perry. As it explained in the April 10, 2003 letter, it possessed a legal obligation under ERISA to provide plaintiff, as a plan participant, with a procedure through which he could

6

obtain a "full and fair review" of its benefits determination. The letter set forth the procedure by which Perry could obtain this review, the relevant time limits, referred Perry to the plan documents which contained the claim review procedure, and expressly stated that Benicorp was "willing to consider any additional information that [he] would be willing to provide." These facts are undisputed and Perry admittedly failed to avail himself of this remedy.

Plaintiff makes the creative argument that his administrative remedy would have been futile because in the April 2003 letter Benicorp declared the policy void because of an alleged misrepresentation and therefore any right he had to an administrative review was non-existent. I disagree. The United States Court of Appeals for the Eleventh Circuit considered a similar argument in *Perrino v. Southern Bell Telephone & Telegraph Co.*, 209 F.3d 1309 (11th Cir. 2000). There, plaintiffs, who were employees under a collective bargaining agreement, claimed that resorting to the agreement's grievance and arbitration procedure would have been futile because, as former employees, the union no longer had any obligation to pursue their grievances to arbitration. However, the Eleventh Circuit Court of Appeals rejected this argument and upheld the trial court's grant of summary judgment for the employer based upon the former employees' failure to exhaust their administrative remedies. *Id.* at 1319. According to the Eleventh Circuit, "[t]his case might be different if [the former employees] actually had resorted to the grievance

7

and arbitration procedure only to be told by the Union that it would not seek arbitration of their benefits claims." However, since the former employees never attempted to utilize that procedure, the futility objections were merely theoretical, if present at all, and did not justify excusal from the exhaustion requirement. *Id.*

Similarly, in this case, Benicorp made no attempt to preclude plaintiff from utilizing his administrative remedy. In fact, it made clear efforts to explain that remedy to him and describe how he might exercise that remedy. Accordingly, I find that in this case, as a matter of law, plaintiff has failed to demonstrate that an attempt to exercise his administrative remedy would have been futile.

IV.
### *Conclusion*

In light of the foregoing, defendant's motion to dismiss plaintiff's claim for failure to exhaust his administrative remedy [Court File #11] will be granted and this action will be dismissed.

Order accordingly.

            *s/ James H. Jarvis*
            UNITED STATES DISTRICT JUDGE